1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| GGY ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SMART AUTOCARE, et al. <br><br> Defendants. | Case No. 5:23-cv-00656-FLA (SPx) <br><br> **ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION RE AMOUNT IN CONTROVERSY** |

1

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing a case from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The court has reviewed Defendant Smart Autocare's Notice of Removal (Dkt. 1) and it is not clear that the court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). In particular, and without limitation, the court notes that the Notice of Removal contains scant evidence of the amount in controversy.

The parties are ORDERED TO SHOW CAUSE, in writing only, within fourteen (14) days from the date of this Order, why this action should not be remanded for lack of subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold. Responses shall be limited to ten (10) pages in

length.  Failure to respond timely or adequately to this Order to Show Cause may result in the court remanding this action without further warning.

      IT IS SO ORDERED.

Dated: July 13, 2023

                                                                                      _____
                                                                 FERNANDO L. AENLLE-ROCHA
                                                                 United States District Judge