**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GGY ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SMART AUTOCARE, et al., <br><br> Defendants. | Case No. 5:23-cv-00656-FLA (SPx) <br><br> **ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

# RULING

On November 1, 2022, Plaintiff GGY Enterprises, Inc. ("Plaintiff") initiated this action against Defendants Smart Autocare a/k/a Independent Dealer Group, Inc. ("IDG") and Roman Dolven (collectively, "Defendants") in the San Bernardino County Superior Court. Dkt. 1-1, Ex. A ("Compl."). The Complaint alleges breach of contract, common counts, bad faith, and unfair business practices. *Id.* Plaintiff's Prayer seeks damages of $75,000, plus attorney's fees and punitive damages. *Id.*

On April 14, 2023, IDG removed the action to this court based on alleged diversity jurisdiction. Dkt. 1. In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship when Defendant Roman Dolven is disregarded as fraudulently joined. *Id.* at 2.

On June 12, 2023, Plaintiff filed a Motion to Remand based on a lack of complete diversity. Dkt. 16. The court took the Motion to Remand under submission. Dkt. 27. On July 13, 2023, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 26. Plaintiff and IDG filed responses. Dkts. 28, 29.

Having reviewed the Notice of Removal and the responses to this court's Order to Show Cause, and for the following reasons, the court finds Defendant fails to establish subject matter jurisdiction and accordingly REMANDS this action to the Los Angeles County Superior Court.

# DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte*

before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88-89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

### A.   Actual Damages

Here, Plaintiff's Complaint seeks damages in the amount of $75,000 plus interest, attorney's fees, and punitive damages. Compl. at 6. Defendant also contends Plaintiff served a demand letter seeking $54,000 to settle the action, while estimating damages in excess of $75,000. Dkt. 29-1.

In calculating the $54,000 settlement demand, Plaintiff's letter describes damages of $28,950.91 (the cost of settlement with the customer for which Plaintiff seeks indemnification from Defendant) and $25,714.66 (the amount paid to repair the vehicle). *Id.* at 5-6. The letter does not provide any other information to substantiate Plaintiff's assertion that the amount in controversy exceeds $75,000. In fact, Plaintiff concedes in its response to this court's OSC that the amount in controversy "is highly unlikely to exceed $75,000, even if punitive damages are awarded." Dkt. 28 at 2. Plaintiff instead describes actual damages consistent with the demand letter, seeking

3

$28,950.91 and $25,714.66, plus an additional $3,500 payment of the premium for the vehicle services agreement. *Id.* This totals $58,165.57.

The court, therefore, assumes for purposes of this Order, without making any related legal or factual determinations, that the actual damages Plaintiff might recover in this action are properly calculated to be $58,165.57. Defendant further argues that punitive damages and attorney's fees bring the amount in controversy to over $75,000.

### B. Punitive Damages

Defendant's inclusion of punitive damages is likewise speculative and insufficient to meet its burden. "The mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Ogden v. Dearborn Life Ins. Co.*, --- F. Supp. 3d. ---, 2022 WL 17484616, at *3 (D. Ariz. 2022). "Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000." *Id.* This involves "articulat[ing] why the *particular facts* that are alleged in the instant action might warrant extraordinary punitive damages." *Id.* (quoting *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)).

Defendant fails to carry this burden and accordingly fails to show that any particular amount of punitive damages is in controversy in this action.

### C. Attorney's Fees

Defendant's inclusion of attorney's fees to establish the amount in controversy, likewise, is speculative and insufficient to meet its burden. In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016). But, before doing so, a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785,

795 (9th Cir. 2018).  "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof."  *Id.*

"While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award."  *Kaplan v. BMW of N. Am., LLC*, Case No. 3:21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021); *cf. D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) ("[M]any cases alleging violations of the [Song-Beverly] Act settle early.").  Moreover, a defendant fails to show attorney's fees are part of the amount in controversy where it "makes no effort to explain what amount of attorney fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hour or billing rates that might apply."  *Vega v. FCA US, LLC*, Case No. 2:21-cv-05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021); *Garcia v. FCA US LLC*, Case No. 2:20-cv-04779-VAP (MRWx), 2020 WL 4219614, at *3 (C.D. Cal. July 22, 2020).

Defendant fails in its burden with respect to attorney's fees.  Defendant does not attempt to estimate a reasonable amount of attorney's fees, nor does it identify awards in similar actions.  It is Defendant's burden to show, with evidence and considering the preponderance standard, that at least $16,835.43 ($75,001 minus $58,165.57) in attorney's fees is in controversy.  Given that the removal statute is construed strictly and all doubts are resolved in favor of remand, the court finds Defendant has failed to submit evidence substantiating any specific amount of attorney's fees in controversy.  The court need not address the parties' arguments regarding diversity of citizenship as briefed in the Motion to Remand.

/ / /

/ / /

## **CONCLUSION**

Thus, the court determines Defendant has failed to demonstrate the amount in controversy exceeds $75,000 and finds that diversity jurisdiction does not exist. The court, therefore, REMANDS the action to the San Bernardino County Superior Court, Case No. CIVSB2224559. All dates and deadlines in this court are VACATED. Plaintiff's Motion to Remand (Dkt. 16) and Defendant's Motion to Compel Arbitration (Dkt. 17) are DENIED as MOOT. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: August 30, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge